On 5 August 1997, Deputy Commissioner Berger entered an Order of Dismissal dismissing plaintiff's claims for injury by accident or specific traumatic incident allegedly occurring in 1988 or on 2 February 1994. Pursuant to the Order of Dismissal, the carrier on the risk in 1988, Cigna Insurance Company, was dismissed. The Order of Dismissal allowed plaintiff to proceed with an occupational disease claim under G.S. 97-53(13). On 17 February 1998, Deputy Commissioner Berger filed an Opinion and Award denying the occupational disease claim.
On review of the record with respect to the errors assigned, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement, including:
 a. Defendant-employer regularly employed three or more employees at the relevant times.
 b. An employer-employee relationship existed between plaintiff and defendant-employer at the relevant times.
 c. Cigna was the carrier on the risk on 27 October 1988.
 d. ITT Hartford Insurance Company was the carrier on the risk on 7 February 1994.
 e. Plaintiff's last date worked was 7 February 1994.
 f. Defendants have not admitted liability pursuant to a Form Agreement for the alleged injury of 27 October 1988; no indemnity compensation was ever paid in I.C. file no. 871825; and defendants did pay some medical expenses in that claim, but none since December 1988.
 g. Plaintiff did not file a Form 18 with the Industrial Commission in I.C. file Nos. 625217 and 638707 alleging injury on 2 February 1994, until 8 April 1996.
 h. Plaintiff did not file a Form 33 in I.C. File. Nos. 625217 and 638707, until 9 February 1996.
 i. Plaintiff's job duties as an assistant supervisor in manufacturing were the same from 1988 and prior thereto, to the date she was last employed with defendant-employer.
 j. The parties agreed that the issue for hearing before the Deputy Commissioner was whether the Industrial Commission had jurisdiction to hear plaintiff's claims in I.C. File Nos. 871825, 625217, and 638707.
2. Subsequent to the hearing before the Deputy Commissioner, Dr. Jaufmann's medical records were marked as stipulated exhibit 1 and received into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Defendant-employer did not engage in any conduct which would have led plaintiff to believe that she did not have to file her claim within two years of an injury by accident that allegedly occurred in 1988 or on 2 February 1994.
2. Plaintiff knew in the Spring of 1988 that she was suffering from neck and shoulder pain, which she attributed to her employment.
3. Any misdiagnosis of plaintiff's injury or condition was not the cause of plaintiff's failure to file her claim within two years of any injury by accident in 1988 or on 2 February 1994.
4. Plaintiff did not file a claim with the Industrial Commission within two years of the alleged injury by accident in 1988 or on 2 February 1994.
5. There is insufficient expert evidence to prove that plaintiff's performance of her job duties while employed with the defendant-employer placed her at an increased risk in contracting the back condition treated by Dr. Jaufmann as compared to members of the public not so employed.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's claims for injury by accident or specific traumatic incident occurring on either 7 February 1994 or anytime in 1988 are barred. G.S. 97-24.
2. Defendants are not estopped from asserting G.S. 97-24 as a bar to plaintiff's claim.
3. Plaintiff failed to prove that she suffers from an occupational disease that is characteristic of and peculiar to her occupation with the defendant-employer, but excluding all ordinary diseases of life to which the general public is equally exposed, or that her employment with defendant-employer exposed her to an increased risk of contracting or aggravating the back condition treated by Dr. Jaufmann as compared to the general public not so employed. G.S. 97-53(13).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim for compensation benefits under the Act is denied.
2. The Order dismissing Defendant-carrier Cigna Insurance Company is hereby affirmed.
3. Each side shall pay their own costs, except that defendants shall pay an expert witness fee in the amount of $240.00 to Dr. Jaufmann.
 S/_________________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/______________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/______________________ CHRISTOPHER SCOTT COMMISSIONER